```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


DE LEON BYRON BARERRA,         :
                               :    Civil Action No. 13-722 (FSH)
              Plaintiff,       :
                               :
         v.                    :    MEMORANDUM OPINION
                               :
NICOSI HOYTE, et al.,          :
                               :
              Defendants.      :
```

**APPEARANCES**:

Plaintiff pro se
De Leon Byron Barerra
Essex County Correctional Facility
354 Doremus Avenue
Newark, Nj  07105

**HOCHBERG**, District Judge

    Plaintiff De Leon Byron Barerra, an immigration detainee confined at Essex County Correctional Facility, in Newark, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1]

    Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915 and Local Civil Rule 54.3.  Local Civil Rule 54.3 provides that the Clerk of the Court shall not be required to enter any suit or file any paper, "unless the fee therefor is paid in advance."  Title 28 Section 1915(a)(1) permits any court

---

[1] Plaintiff did not submit an application for leave to proceed in forma pauperis, but he did request in his cover letter that the appropriate form be sent to him.

of the United States to authorize the commence of any suit, without prepayment of fees or security therefor, "by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor."

The Administrative Office of the United States Courts has created a form "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," AO 239, which includes a questionnaire regarding relevant asset and liability information as well as an appropriate form of affidavit.

Here, Plaintiff neither prepaid the filing fee nor submitted an appropriate form of application for leave to proceed <u>in forma pauperis</u>, supported by an affidavit, as required by § 1915 and the Local Civil Rule.  Instead, he requested that an appropriate form of application be mailed to him.[2]

---

[2] To the extent the Letter could be construed as an application for leave to proceed <u>in forma pauperis</u>, it is deficient in that it contains no information regarding Plaintiff's assets or liabilities.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint.  Plaintiff will be granted leave to apply to re-open within 30 days.[3]

An appropriate Order will be entered.


                                        s/ Faith S. Hochberg
                                        Faith S. Hochberg
                                        United States District Judge

Dated: February 8, 2013

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).